IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,776-06






EX PARTE TOMMY LEON JONES AKA TOMMIE LEON JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20852-85 IN THE 85TH DISTRICT COURT


FROM BRAZOS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced as an habitual offender to twenty-five years' confinement. This conviction
was affirmed on appeal. See Jones v. State, No. 14-92-00849-CR (Tex.App.-14th Dist., delivered
March 4, 1993, no pet.) (not designated for publication).

 Applicant contends, inter alia, that his parole for this conviction was revoked based on a
violation of condition 8z that he not enter Robertson County and that this condition violates his First
Amendment right to practice his religion. The writ record indicates that Applicant was charged with
eight "administrative" or "technical" violations of his parole but does not reflect what these alleged
violations were or why Applicant's parole was revoked. Applicant also contends that he received
inadequate notice of his parole revocation hearing. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit
indicating why Applicant's parole was revoked and whether he received notice of his parole
revocation hearing. The trial court shall then make its own determination of why Applicant's parole
was revoked and whether Applicant received adequate notice of his parole revocation hearing. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to why Applicant's parole was revoked and
whether Applicant received adequate notice of his parole revocation hearing. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 14, 2011

Do not publish